UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LOZA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE HERSHEY COMPANY,<br><br>    Defendant. | Case No. 24-cv-01455-MMC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 47 |

The parties have four discovery disputes. ECF No. 47. The Court held a hearing concerning those disputes on December 17, 2024, and now issues the following order.

**A.   Unpurchased Products**

Plaintiffs seek to take discovery concerning all 64 products listed in Exhibit C to the Complaint. The products are all Lily chocolate products that are labeled "Stevia Sweetened" (or in one case "Made with Stevia"). The Complaint alleges that consumers understand that representation to mean that the products are entirely, or at least predominantly, sweetened with Stevia, which is a natural plant-based sweetener with health benefits. Complaint ¶ 2. Plaintiffs allege that in reality, the products are primarily sweetened with erythritol, a highly processed sugar alcohol, which is not a natural sweetener and is linked to increased risk of heart attack and stroke. *Id*. ¶ 3. The Complaint alleges that every single product listed in Exhibit C contains this same representation that is false in each case for the same reason. *Id*. ¶ 14. The three named Plaintiffs do not allege that they personally purchased all 64 of the products listed in Exhibit C. Rather, they purchased Lily's Peppermint Flavor White Chocolate Style Baking Chips, Lily's Creamy Milk Chocolate, Lily's Salted Caramel Milk Chocolate, and Lily's Salted Caramel Milk Chocolate

Style bar. *Id*. ¶¶ 38, 41, 44.  The question presented by this motion is whether Plaintiffs may take discovery concerning the unpurchased products in Exhibit C.

The answer is yes.  "The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."  *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) (collecting cases); *see also Nacarino v. KSF Acquisition Corp.*, 642 F. Supp. 3d 1074, 1081 (N.D. Cal. 2022) ("the prevailing view within this district (and elsewhere in the Ninth Circuit) . . . holds that a plaintiff in a putative class action may . . . have constitutional and statutory standing to assert claims based on misrepresentations appearing on products he did not purchase" where "the products and claims at issue are substantially similar.") (cleaned up).  Here, Plaintiffs allege that the products and claims for every product in Exhibit C are substantially similar, and thus Plaintiffs may take discovery as to all of them.

Hershey argues that "where the actual composition or appearance of the product is legally significant to the claim at issue, the consumer may only be allowed to pursue claims for products with *identical* product composition and/or appearance."  *Ang v. Bimbo Bakeries USA, Inc.*, 2014 WL 1024182 (N.D. Cal. March 13, 2014) (emphasis added).  As Hershey explained at the hearing, Hershey does not dispute that all of the products in Exhibit C are similar in the sense that they are labeled as "Stevia Sweetened" (or in one case "Made with Stevia"), but "[a]s shown in the ingredient list on the back of the Products . . . the Products contain far more erythritol than Stevia."  Complaint ¶ 16.  But Hershey maintains the products are not identical because they include milk chocolate, dark chocolate, white chocolate, and so on, different amounts of cocoa, some are labeled as "Sweet & Creamy" while others are labeled "Dark & Rich," and some are foods that people eat directly (chocolate bars, chocolate popcorn, chocolate almonds, chocolate caramels, chocolate peanuts, chocolate peanut butter cups, tasting squares, or chocolate style bars), while others are presumably used as an ingredient in something else that is then eaten (baking chips or baking bars).  Hershey says there could be different customer expectations for these different products.

2

But that's a class certification argument. Plaintiffs' claims are uniform for all 64 products, alleging the same misrepresentation for each, and there is no factual dispute that the products are all labeled essentially the same way and that in every case the products are primarily sweetened by erythritol. Whether the alleged misrepresentation is material to all consumers or not is to be litigated at the class certification stage. The limited issue before the Court now is whether Plaintiffs may take discovery into all 64 products, as they try to build their case both on the merits and with respect to class certification. The Court does not believe Plaintiffs must make a prima facie case that the class action requirements under Rule 23 are likely to be satisfied before they can get discovery into similar unpurchased products.

Accordingly, the Court **GRANTS** Plaintiffs' motion to compel as to the unpurchased products listed in Exhibit C.

## B. Marketing Materials

Plaintiffs move to compel concerning their requests for production ("RFPs") 10-12 and 31, which concern marketing materials. The primary dispute is whether marketing materials are relevant to this case. Hershey says no, arguing that this case is only about the front label of its products, which contain the representation about Stevia.

A review of the Complaint demonstrates that this case is primarily but not exclusively about labeling. It is also about product marketing. *See* Complaint ¶ 1 (alleging "unlawful and deceptive practices in the labeling *and marketing* of Lily's chocolate products") (emphasis added) ¶ 26 ("By using this branding and marketing strategy, Defendant is stating that the Products are superior to, better than, and more nutritious and healthful than other products that do not make 'Stevia Sweetened' claims . . ."); ¶ 35 ("Defendant's marketing, advertising, and sale of the Products violates the misbranding provisions of the Sherman Law (California Health & Safety Code § 110660, *et. Seq.*)"); ¶ 65 ("Beginning at an exact date unknown to Plaintiffs, but within four (4) years preceding the filing of the Class Action Complaint, Defendant made untrue, false, deceptive and/or misleading statements in connection with the advertising and marketing of the Products."). Therefore, the Court concludes that marketing materials are relevant to the needs of the case. Further, broad discovery into the marketing for the products is relevant to show how

prominent the Stevia claims are in the overall marketing of the product.

Hershey also makes a burden argument, contending that these RFPs are too burdensome to be proportional to the needs of the case. However, the way to address burden is for the parties to identify a reasonable number of document custodians and non-custodial sources whose documents will be searched.

Accordingly, Plaintiffs' motion to compel as to RFPs 10-12 and 31 is **GRANTED**. The Court **ORDERS** the parties to meet and confer concerning appropriate custodians and non-custodial sources and to file a further joint discovery letter brief if they are not able to reach an agreement on those.

### C.    Third Party Communications

Plaintiffs move to compel on RFPs 29 and 30, concerning communications from customers relating to the sweetening claims on the product labels, and communications relating to inquiries related to the sweetening claims on the products. Plaintiffs defined "customers" to include any purchaser, whether for consumption or distribution or resale. These RFPs focus narrowly on the sweetening label claims, and responsive documents are relevant. Hershey objects that communications with retailers are irrelevant, but the Court disagrees. Communications with retailers about the sweetening claims are likely to be relevant.

The real issue is burden. And the Court again thinks that concern is best addressed by identifying a reasonable number of custodians and non-custodial sources. Accordingly, Plaintiffs' motion to compel as to RFPs 29 and 30 is **GRANTED**. The Court **ORDERS** the parties to meet and confer concerning appropriate custodians and non-custodial sources and to file a further joint discovery letter brief if they are not able to reach an agreement on those.

### D.    Plaintiffs' Depositions

Plaintiffs do not want to be deposed until after Hershey produces documents. The Court thinks that is an unreasonable position. Hershey is entitled to depose Plaintiffs now; it doesn't need to wait until Plaintiffs receive documents they never saw and therefore couldn't possibly be part of what caused their alleged injuries or lead to their decision to become class representatives. Hershey's motion to compel is **GRANTED**, and the Court **ORDERS** Plaintiffs to make

themselves available for deposition.

**IT IS SO ORDERED.**

Dated: December 17, 2024

THOMAS S. HIXSON
United States Magistrate Judge